The following was the case reported by the presiding judge: This was an action of trover for a bay mare. The plaintiff proved that, about 1831 or 1832, one Pierce Roberts died intestate, leaving a wife and several young children, who continued to live together and carry on the farm and keep possession of all the personal estate of the intestate, without any division, for several years, when the widow married one Oliver, who after that lived with them and assisted in managing the farm, and, together with Roberts' children, used the horses, stock, etc., as a man would use his own property; that among other articles of property owned by Roberts at his death was a mare; that after his marriage, Oliver put the mare to a horse; that she brought a colt (the bay mare sued for), and the colt was raised on the plantation (15) together with the increase of the other stock left by Roberts — all of which was used by Oliver and his wife and step-children as if it was their own property; that in January, 1842, the defendant seized and converted to his own use, by selling, the bay mare — then about 4 years old and worth about $40 or $50; that in February, 1842, the plaintiff was duly appointed the administrator of Pierce Roberts, there having been before that time no administrator; that the plaintiff then notified the defendant of his appointment as administrator and required him to give up the mare or pay her value, which he declined doing. The defendant proved that, as constable, he had a judgment and execution against Oliver and had levied upon the mare as the property of Oliver.
The court charged that where a man died intestate, although no administrator was appointed and the property went into the possession of the next of kin, still the legal title did not vest in them, and they acquired no such interest as was liable to execution; and if, after the expiration of ten or twelve years, an administrator was appointed, the legal title was then in him and related back to the death of the intestate, whom he represented, and he had a right to require the next of kin to deliver to him such of the property as they had in possession, though they had been in possession, claiming it as their own, during all the intermediate time; that they could not acquire title by the statute of limitations because their possession was not adverse and there was no *Page 20 
person to sue; that after the administrator had taken the property and paid the debts, if any, he was then to deliver it to the next of kin in the due course of his administration, when the legal title would vest in them.
The court further charged that, in this case, the mare in question being a colt of the mare belonging to Roberts, though foaled several years after his death, was subject to the same rule, for in legal contemplation the ownership of the mother at the time she had the colt was in the administrator; that Oliver marrying the widow succeeded to her rights and took her place as one of the distributees, and was (16) subject to the same rule that would have applied to the widow if she had not married; that the defendant, as constable, represented the rights of the creditor, and was entitled to the interest of Oliver, provided it was subject to execution; but Oliver's interest was not subject to execution, and the constable was placed in the same situation in regard to the legal title of the administrator as Oliver would have been, or as the widow would have been had she remained single.
The defendant's counsel moved the court to charge the jury that Oliver's being in possession and using the property as his own, so as to give him a false credit, was a fraud upon his creditors and made the property liable. The court refused so to charge, because there was nothing to divert the legal title of the administrator or to prevent him from asserting it.
There was a verdict for the plaintiff, and a new trial having been refused, the defendant appealed.
We have examined the opinion given in this case by his Honor in the court below, and it seems to us that it is correct in law. We therefore adopt it as the opinion of this Court. The judgment must be
PER CURIAM. Affirmed.
Cited: Grant v. Williams, 28 N.C. 345; Craig v. Miller, 34 N.C. 376;Plummer v. Brandon, 40 N.C. 195; Brittain v. Dickson, 104 N.C. 552;James v. Withers, 114 N.C. 479; Neill v. Wilson, 146 N.C. 245; Tart v.Tart, 154 N.C. 508. *Page 21